## Consumer Party v. Commissioners of Centre County

*Robert C. Rayman*, for plaintiff.
*John W. Blasko*, for defendants.

LEHMAN, *S.J.*, *Specially Presiding*, September 25, 1981—

### FACTUAL BACKGROUND

This matter is before the court upon plaintiff's complaint in mandamus. Said complaint seeks to have the Commissioners of Centre County, in their capacity as the Election Board for said county, place plaintiff's candidates on the May, 1981 primary election ballot and the November, 1981 general election ballot and to certify plaintiff to be a

political party within Centre County. Defendant filed preliminary objections which were disposed of by opinion and order of this court dated July 1, 1981.

In the November, 1980 general election, plaintiff, among its candidates for public office, ran a candidate for the office of Representative to the United States Congress for the Twenty-Third Congressional District. 25 P.S. §2199.21 provides:

"The Twenty-Third District shall consist of the Counties of Cameron, Centre, that part of Clarion not included in the Twelfth District, Clearfield, Clinton, Elk, Forest, McKean, Potter, Venango and Warren."

Plaintiff's candidate, Doug Mason, received 2,079 votes in Centre County for the Twenty-Third District Congressional seat. The winning candidate for said seat, incumbent William Clinger, received 29,768 votes in Centre County. Representative Clinger's total vote in the Twenty-Third Congressional District was 122,855. Plaintiff's candidate Doug Mason received a total of 3,158 votes in the Twenty-Third Congressional District. The number of votes received by plaintiff's candidate in Centre County is equal to 6.98 percent of the total number of votes received by Representative Clinger in Centre County. The total number of votes received by plaintiff's candidate in the Twenty-Third District is equal to 2.5 percent of the total number of votes received by Representative Clinger in the Twenty-Third District.

Plaintiff, as a result of the aforementioned vote totals, sought certification as a political party within Centre County and to have its name placed on ballots for the May, 1980 primary elections. On or about February 3, 1981, defendants, in their capacity as the Board of Elections for Centre County, notified plaintiff that it would not be cer-

tified as a political party within Centre County and was thus denied ballot status. On or about March 10, 1981, Trustee for plaintiff filed nomination petitions with defendant for the purpose of having plaintiff's candidates listed on the ballot for the upcoming May, 1981 primary ballot. On or about March 13, 1981, defendants, in their capacity as the Board of Elections for Centre County, rejected said nomination petitions. Neither plaintiff nor its candidates filed an appeal from the rejection of said nomination petitions. Plaintiff then filed this complaint in mandamus on April 21, 1981.

## DISCUSSION

The first issue presented for the court's consideration is whether the necessary percentage of votes that a political body's candidate must receive pursuant to 25 P.S. §2831(b) in the general election preceding the primary in order to be declared a political party is to be based on the elected candidate's total vote or only on the voting results within the county where political party status is sought.

Section 801(b) of the Pennsylvania Election Code of 1937, as amended, 25 P.S. §2831(b) provides:

"(b) Any party or political body, one of whose candidates at either the general or municipal election preceding the primary polled at least five per centum of the largest entire vote cast for any elected candidate in any county, is hereby declared to be a political party within said county; and shall nominate all its candidates for office in such county and in all political districts within said county, or of which said county forms a part, and shall elect such party officers as its rules provide shall be elected therein, by a vote of the party electors, in accordance with the provisions of this act."

Defendants argue that the operative words in the above-quoted subsection are " . . . the largest entire vote cast for any elected candidate . . . " Plantiff argues that the words " . . . in any county . . . " provides the necessary qualifier which indicates that the entire vote cast is the total vote cast in the county for which the political body seeks ballot status. Both parties cite the case of In re Liberal Party, 17 D. & C. 176 (1931), in support of their respective positions. Since we feel that the Liberal Party case does nothing but further confuse the semantic interpretations upon which both parties rely and is not binding on this court as a matter of stare decisis, we feel it best to engage in our own analysis of section 801(b).

The purpose behind section 801(b) of the Election Code is to allow political groups which have sufficient voter support within certain counties, but not sufficient voter support throughout the state to qualify as 'a political party within the state' as defined in section 801(a), to appear on the ballot in those counties where they have garnered voter support: Kerns et al. v. Kane et al., 363 Pa. 276, 69 A. 2d 388 (1949).

Defendants would have us interpret section 801(b) to require that the Consumer Party candidate receive five percent of Representative Clinger's vote total throughout the Twenty-Third District. In other words, since no county-wide offices were the subject of the November, 1980 general election, plaintiff would have to show sufficient voter support throughout the entire Twenty-Third District in order to attain ballot status as a certified political party in Centre County. We feel that this interpretation fails to effectuate the purpose of section 801(b). Said section provides in part:

" . . . and shall nominate all its candidates for office in such county and in all political districts within said county, *or of which said county forms a part*, . . . " (Emphasis added.)

We feel that the above-emphasized portion of section 801(b) indicates the intent of the legislature to allow for the certification of a third party for offices for the political districts formed, in part, by counties where sufficient voter support has been demonstrated. In the case sub judice section 801(b) would allow for the nomination of plaintiff's candidates for Twenty-Third District posts if, in a previous election for a county-wide post, plaintiff's candidate received five percent of the winning candidate's vote total. However, defendant would have us hold that where no county-wide offices were the subject of the previous general election but posts for the Twenty-Third District were, plaintiff's candidate would be required to show voter support throughout the entire Twenty-Third District in order to be certified in any county which forms part of said district for the purpose of running candidates for county-wide offices in the subsequent election. Thus, where the statute contemplates party expansion from the county to the political district formed in part by said county, defendants would have us hold that the party and its supporters in one county within the political district are subject to voter support of the party in the other counties which form the political district. We feel that defendant's interpretation places too great a burden on parties seeking certification in election years where no county-wide offices are on the ballot as the actions of voters in ten other counties would affect the party status of a political body within this county.

We hold that section 801(b) of the Pennsylvania Election Code of 1937, as amended, 25 P.S. §2831(b), requires that plaintiff's candidate for the office of United States Representative for the Twenty-Third Congressional District have received a total number of votes in Centre County which equals or exceeds five percent of the total number of votes received by Congressman Clinger in Centre County. Since defendants admit in paragraph six of their answer that plaintiff's candidate received, in Centre County, 6.98 percent of the votes received by Congressman Clinger in Centre County, we feel that defendants' denial of plaintiff's certification as a political party in Centre County was improper.

Defendants further argue that we should deny plaintiff's requested relief because plaintiff refused to appeal from defendants' rejection of nomination petitions filed by plaintiff's candidates, as defendants contend is required by section 976 of the Pennsylvania Election Code, 28 P.S. §2936. We encountered a similar argument by defendants in their preliminary objections to plaintiff's original complaint which we rejected. We again feel defendant's position in this regard is incorrect.

At the time of the hearing in this matter, Jeffrey M. Bower, a member of Defendant Board of Elections, testified that by letter dated February 3, 1981, plaintiff's co-chairman was notified that plaintiff would not be certified as a political party within Centre County. Thereafter, plaintiff filed nomination petitions which defendant rejected because of the prior denial of certification as a political party within Centre County. Thereafter, plaintiff's candidates filed nomination papers which were accepted by defendant board.

Section 801 of the Pennsylvania Election Code, 25 P.S. §2831, sets forth the distinction between

political "parties" and political "bodies." Those parties or bodies which receive that percentage of the largest entire vote cast are declared to be political parties. 25 P.S. §2821(a) and (b). Section 901 of the Pennsylvania Election Code, 25 P.S. §2861, provides the mechanism for determination of political parties who are then entitled to nominate candidates at primaries. As section 801(c) of the Election Code, 25 P.S. §2831(c), indicates, political bodies have no right to nominate candidates at primaries. Thereafter, candidates desiring to secure the nomination of a political "party" at the primary election must file nomination petitions. 25 P.S. §§2867-2873. Political "bodies" which desire to nominate candidates for office in the general election file nomination papers: 25 P.S. §2911.

As the statutory scheme outlined above clearly points out, the determination of those groups which constitute a political party as defined in the Election Code precedes the filing of a nomination petition. As Commissioner Bower testified, defendant board informed plaintiff that it would not be certified as a political party within Centre County. Thereafter, plaintiff filed nomination petitions on behalf of two candidates. Defendant board rejected said nomination petitions because plaintiff's candidates were not members of a certified political party within Centre County. To now require plaintiff to have appealed from the rejection of the nomination petitions would be absurd. There is no doubt that if they were not a political party they had no right to file such petitions. The relief to which plaintiffs are entitled at this late date is the declaration that they do constitute a political party within Centre County and are therefore entitled to place candidates on the November, 1981 election ballot.

Defendant further argues that plaintiff cannot now substitute candidates under its party rules for no vacancy legally exists since plaintiff had no candidates in the primary. In other words, defendant argues that it cannot now place plaintiff's candidates on the ballot as the Election Code only contemplates substitution of candidates where a vacancy exists. This begs the question. The central question was whether or not plaintiff was wrongfully denied certification as a party within Centre County. We have held that they were. Since it is now too late for plaintiff's candidates to participate in the May, 1981 primary election, nominations for office may be made by plaintiff party in accordance with their party rules and by-laws: Cavalcante v. Fayette County Board of Elections, 28 Fayette L.J. 149 (1966). As Thomas Ortenberg, plaintiff's chairperson and member of plaintiff's executive committee testified, plaintiff's by-laws at Article IV, §i provide a mechanism for the nomination of plaintiff's candidates at this late date. Mr. Ortenberg further testified that two candidates for positions on State College Borough Council who had filed nomination *papers* after plaintiff was denied certification and nomination petitions rejected would receive the party nomination for said positions in the November, 1981 election. Thus, the failure of plaintiff to be included in the May, 1981 primary election and the subsequent filing of nomination papers by two candidates for positions on the State College Borough Council does not create any problem in molding the relief to which plaintiff is entitled.

## ORDER

And now, September 25, 1981, it is ordered, adjudged and decreed that plaintiff is a political party

within Centre County and the Commissioners of Centre County, acting as the County Board of Elections, are ordered and directed to place plaintiff on the November 1981 election ballot to be known as Consumer. Plaintiff is hereby granted the right to choose candidates for the November 1981 election in accordance with its party's rules and have the names for said candidates so chosen placed on the November 1981 ballot. Costs of this proceeding should be paid by defendant.